Slip Op. 13 - 123

# UNITED STATES COURT OF INTERNATIONAL TRADE

_____

LA CROSSE TECHNOLOGY, LTD.,

                        Plaintiff,

                  v.

UNITED STATES,

                        Defendant.

_____

Before: R. Kenton Musgrave,  Senior Judge
Court No. 07-00114

## AMENDED JUDGMENT

The plaintiff having contested in part this court's decision in slip opinion 12-26, dated February 29, 2012, by initial invocation of the jurisdiction of the Court of Appeals for the Federal Circuit, and thereby transferring that part of the case with which the plaintiff disagreed to that appellate court, and the plaintiff having obtained a decision of that court, *videlicet*, *La Crosse Technology, Ltd. v. United States*, 723 F.3d 1353 (Fed. Cir. 2013), in agreement with the plaintiff that reversed -- and did not remand -- that part of the case for which the plaintiff had sought appellate review; and the appellate court having relinquished its own jurisdiction by issuance of its mandate, which has been docketed on the case in this court on September 16, 2013, and which appellate decision effectively replaced that part of this court's decision and that part of this court's judgment that were in conflict with the appellate decision as a matter of law; and no further adjudication being required as prerequisite to reliquidation of the merchandise subject to this case by U.S. Customs and Border Protection in accordance with those judicial decisions and judgments as lawfully construed; and the office of the Clerk of this Court having received email from a representative of counsel for

the plaintiff indicating the parties' mutual understanding that "Customs needs . . . a new judgment order from the CIT before it can reliquidate the entries" and that "19 CFR 176.31(b) states that an entry covered by a CAFC decision will be reliquidated after 90 days, but only upon the receipt of the judgment order from the CIT", although the plaintiff has already received "the judgment order from the CIT" attached to slip opinion 12-26 dated February 29, 2012, as well as, by now, the decision and mandate of the appellate court; Now nonetheless, after due deliberation, in the interest of clarity and judicious efficiency, it is, *sua sponte*,

ORDERED that the valid remainder of this court's prior judgment order be, and it hereby is, vacated; and it is further hereby

ORDERED, ADJUDGED and DECREED that the La Crosse model nos. WS-9013 and -9210 are classifiable under subheading 9025.80.10, Harmonized Tariff Schedule of the United States, for 2005 or 2006 depending upon the date of entry; and it is further hereby

ORDERED, ADJUDGED and DECREED that the La Crosse model nos. WS-1610, -2308, -2310, -2315, -2317, -3510, -3512, -3610, -7014, -7042, -7049, -7159, -7211, -7394, -7395, -8025, -8035, -8157, -8610 -9020, -9025, -9031, -9033, -9035, -9043, -9055, -9075, -9096, -9115, -9118, -9119, -9151, -9520, -9600 and -9611, and WT-5130, -5432, and -5442, are classifiable under subheading 9015.80.80, Harmonized Tariff Schedule of the United States, for 2005 or 2006 depending upon the date of entry; and it is further hereby

ORDERED that the La Crosse model nos. WS-8117, -8236, and WT-5120 are classifiable under subheading 9105.91.40, Harmonized Tariff Schedule of the United States, for 2005 or 2006 depending upon the date of entry; and it is further hereby

ORDERED that U.S. Customs and Border Protection reliquidate the subject entries in accordance with the foregoing and refund to the plaintiff any excess duties paid, together with interest as provided by law.

                                                  /s/ R. Kenton Musgrave

                                              R. Kenton Musgrave, Senior Judge

Dated: September 23, 2013
       New York, New York